PEDRO JUAN SMITH, conocido por JUAN PEDRO ARROYO, demandante y apelante, *v.* JUAN NEGRÓN CAYOL, demandado y apelado.

Núm. 7525.—*Sometido:* Noviembre 23, 1938. *Resuelto:* Marzo 7, 1939.

*Eduardo Flores Colón,* abogado del apelante; *Juan Lastra,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Juan Pedro Smith, conocido por Juan Pedro Arroyo, acudió ante la Corte de Distrito de San Juan en solicitud de que se anulara una escritura de hipoteca a base de usura. Se alegó que las circunstancias bajo las cuales se otorgó el supuesto contrato ilegal fueron las siguientes:

"*Tercero:* Que necesitando fondos para atender obligaciones *convino un préstamo de dos mil quinientos dólares con el demandado Juan Negrón Cayol,* por el término de un año prorrogable a otro año más garantizando con primera hipoteca sobre la finca descrita, aparentemente, a un interés del nueve por ciento anual, pero que el exceso de dicho interés se acumularía al capital.

"*Cuarto:* Que al efecto y llevando a cabo lo convenido concurrieron ante el notario Gonzalo Ardín, de San Juan, y por escritura otorgada ante dicho funcionario el día primero de septiembre de 1933, se constituyó la mencionada hipoteca haciéndose constar la existencia de una obligación *por dos mil seiscientos ochenta dólares,* con intereses al 9 por ciento anual y los demás requisitos que daban al instrumento una apariencia de verdad y realidad, aunque de la misma escritura aparece que los intereses exceden en mucho más de 9 por ciento." (Bastardillas nuestras.)

En adición a lo antes expuesto, Smith adujo que en febrero de 1935 la hipoteca se aumentó a la suma de tres mil dólares y se prorrogó por otro año.

El demandado alegó en su contestación que el préstamo hipotecario en realidad había ascendido a los $2,680 que se mencionaban en la escritura, y que por un error mutuo e involuntario se había hecho constar en la escritura que los

intereses mensuales ascendían a $22.10, cuando en realidad debió haberse puesto tan sólo $20.10. Bajo tal supuesto error de hecho, el demandado admitió haber cobrado los dos dólares extra durante varios meses, mas alegó expresamente que la diferencia recibida había sido devuelta al demandante con la aprobación escrita de éste al momento en que se aumentó y prorrogó el préstamo hipotecario.

El juez de la corte de distrito resolvió que la prueba del demandante, que consistía tan sólo en la propia declaración de Smith, era demasiado incierta e insuficiente para sostener una sentencia a su favor, especialmente en vista de las declaraciones del demandado y del notario que autorizó la escritura de hipoteca en cuestión. En su consecuencia, se declaró sin lugar la demanda y se condenó al demandante al pago de la costas, incluyendo la suma de $75 para honorarios de abogado.

 El apelante señala tres errores. El primero de ellos lee así:

"1. La corte cometió error en la aplicación del artículo 1654 del Código Civil, edición de 1930, inadvirtiendo los preceptos contenidos en las secciones 4 y 5 de la Ley Núm. 47 de 1916 para reprimir la usura."

El artículo 1654 del Código Civil, supra, dispone:

"A cualquier persona que reembolsase o devolviese algún dinero, mercancías u otras cosas tomadas, aceptadas o recibidas en violación de este capítulo, o que, por medio de un documento entregado a la otra parte del contrato, ya antes de iniciarse el juicio para la suspensión de la validez del mismo, o ya antes de que, en un juicio iniciado para hacer cumplir el contrato interponga el demandado como defensa la acusación de usura; o que renunciase de una manera efectiva el derecho a interés, descuento o valor reservado o retenido en violación de este capítulo; se le relevará de futura multa, penalidad o castigo, y el contrato desde la fecha del reembolso, devolución o renuncia por escrito, será válido y efectivo."

El "capítulo" a que se hace referencia en el artículo copiado es el que trata "de la fijación del interés legal"

(Capítulo III, Título X del Libro Cuarto del Código Civil, edición de 1930, pág. 342).

El apelante sostiene que este artículo no puede favorecer al demandado, puesto que en efecto fué derogado por las secciones 4 y 5 de la Ley Núm. 47 de 1916 (leyes de ese año, pág. 103) titulada "Ley para reprimir la usura, y para enmendar la sección 4 de la ley sobre fijación de interés en toda clase de obligaciones, aprobada en 1 de marzo de 1902 y enmendada por la ley de marzo 14 de 1907." Estas dos secciones proveen:

"Sección 4.—Los derechos definidos en esta ley no son renunciables.

"Sección 5.—Toda ley o parte de ley en conflicto o que se oponga a las disposiciones de ésta, queda derogada."

El artículo 1654 del Código Civil, supra, equivale a la sección 6 de la ley de marzo 1 de 1902, que fué enmendada por la Ley núm. 47, supra. La Ley núm. 47 enmienda expresamente la sección 4 de la ley de marzo 1, 1902, mas no hace referencia alguna a las otras secciones de la misma ley. Así, pues, la Asamblea Legislativa no mostró disposición alguna a alterar el resto del estatuto que trata de la fijación del interés legal. El privilegio, o *locus penitentiae,* según podría llamársele, que el artículo 1654 del Código concede al usurero es independiente de cualesquiera derechos definidos por la ley de 1916 y no está en conflicto con las disposiciones de dicha ley sobre irrenunciabilidad. El significado de la sección 4 del estatuto sobre usura es que un deudor no puede legalmente obligarse a no plantear la defensa de usura, y en ese sentido es análoga a nuestra ley de *homestead* actual.

Las confiscaciones no son favorecidas por la ley y con toda probabilidad teniendo eso en mente fué que la Asamblea Legislativa en 1902 concedió al acreedor un período de gracia para ajustarse a la ley. No nos parece que haya ninguna otra interpretación razonable. Por tanto, el primer señalamiento no puede prevalecer.

█ █ El siguiente error de que se queja el apelante se refiere al análisis de la prueba hecho por la corte sentenciadora. El apelante sostiene que el juez de la corte de distrito halló que el demandado recibió $22.10 por espacio de varios meses, y que excusó tal actuación fundado en que la escritura de hipoteca misma erróneamente fijaba el tipo de interés mensual en la suma mayor. De la exposición del caso que está ante nos parece que el juez cometió un error, toda vez que la copia de la escritura especifica un interés mensual de $20.10.

La prueba aducida durante el juicio consistió principalmente en las declaraciones de las partes y del notario que redactó la escritura. No vemos razón alguna para que entremos en una discusión sobre por qué la corte debió o no debió haber creído la relación que el demandante hacía de toda la transacción. Una corte de apelaciones de ordinario no se sustituirá por el juez de la corte inferior que tuvo la oportunidad de observar, oír y analizar las declaraciones de las partes y de determinar para sí su credibilidad. El apelante da énfasis al hecho de que el juez de distrito atacó la declaración del demandante por falta de precisión. Podría suceder que esta imprecisión tuviera algo que ver con el peso o la credibilidad dados a tal declaración, mas no podemos decir definitivamente que ésta fué la única razón que tuvo el juez de distrito para no creer al testigo.

El juez de la corte inferior creyó al demandado y al notario. Podría suceder que su relación de lo ocurrido tenga algunos detalles que posiblemente puedan dar lugar a que se hagan inferencias a favor del demandante. Éste se basa en gran parte en la supuesta flojedad del caso del demandado y en su consecuencia pasa por alto el hecho de que sobre él recaía el peso de la prueba. Asumiendo, para los fines de la argumentación, que la prueba del demandado debe ser descartada, aún así el demandante no tendría derecho a una sentencia, toda vez que el juez de la corte inferior no creyó su declaración.

El último error señalado se refiere a los honorarios de abogado concedidos. No nos sentimos inclinados a intervenir con la discreción que sobre este asunto tiene el juez de distrito.

*Debe confirmarse la sentencia apelada.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.

El Juez Asociado Sr. Hutchison disintió. *